IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Allen Terrell Farmer,<br>    Petitioner,<br><br>v.<br><br>Harold W. Clarke,<br>    Respondent. | )<br>)<br>)<br>)   1:15cv739 (JCC/TCB)<br>)<br>)<br>) |

MEMORANDUM OPINION

Allen Terrell Farmer, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction entered in the Circuit Court for the City of Alexandria, Virginia. On October 22, 2015, respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and exhibits. Dkt. Nos. 8, 9, 10. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed no reply. Accordingly, the matter is now ripe for disposition. For the reasons that follow, petitioner's claims must be dismissed.

**I. Background**

Petitioner is in respondent's custody pursuant to a judgment of the Circuit Court for the City of Alexandria entered on June 6, 2013, wherein he was convicted of possession with the intent to distribute cocaine. Case No. CR13000061. He was sentenced on July 18, 2013 to 15 years in prison, with 9 years suspended.

Petitioner appealed, and the Virginia Court of Appeals denied the appeal on March 13, 2014. That order was affirmed by a three-judge panel on May 30, 2014. Rec. No. 1455-13-4. Petitioner's subsequent petition for appeal to the Supreme Court of Virginia was refused on November 21, 2014. Rec. No. 141021.

The Virginia Court of Appeals' opinion dated March 13, 2014 and the record reflect the following facts:

> Between May 2012 and August 2012 Detective John East investigated [petitioner], suspecting that he was a supplier of cocaine. On August 14, 2012, Detective East was involved in a controlled buy operation where he and other undercover detectives gave Fernando Payne prerecorded "buy money." Payne entered an apartment and returned with cocaine which he gave to Detective East. [Petitioner] exited the same apartment about thirty minutes after the controlled buy. [Petitioner] got onto a scooter, and officers executed a traffic stop. Officers found on [petitioner] the prerecorded buy money that undercover detectives had given to Payne, but no cocaine. [Petitioner] was arrested, and Detective East sought two arrest warrants against [petitioner]. In support of the warrants, Detective East told the magistrate the facts of August 14. Detective East also told the magistrate that he knew of numerous controlled purchases of cocaine from [petitioner], on a previous undercover purchase from Payne he had seen Payne meet with someone he believed to be [petitioner]; Payne's phone records show hundreds of phone calls between Payne and [petitioner]; and he had determined that [petitioner] was Payne's supplier of cocaine. The magistrate issued two warrants against [petitioner] on August 14, 2012 – one warrant for conspiracy to distribute cocaine and one warrant for possession with intent to distribute a schedule I or II substance. These warrants were nolle prosequied.
>
> In October 2012, a cooperating witness came forward who was present in the apartment and observed the drug transaction between Payne and [petitioner] on August 14. Detective East interviewed this witness on two separate occasions. On December 7, 2012, Detective East appeared before the magistrate and described the new evidence he had obtained against [petitioner] since August 14, and told why he was seeking another warrant four months later. The magistrate issued an arrest warrant against [petitioner] for conspiracy to distribute cocaine. Detective East sent a lookout notice of the unserved arrest warrant for [petitioner] to other police officers via email.
>
> On the morning of December 17, 2012, Officer Whelan saw a new warrants list on the computer that included the warrant for the arrest of [petitioner] issued on December 7. Officer Whelan had also seen the email concerning [petitioner] from Detective East. Later that day Officer Whelan passed [petitioner] while on patrol. After passing [petitioner], Officer Whelan typed [petitioner]'s last name into the computer system, which indicated the warrant for [petitioner] was still active. Officer Whelan then stopped and handcuffed [petitioner] based on the outstanding warrant. After detaining [petitioner], Officer Whelan called the police station dispatcher, who verified with "records" that there was still an active warrant for [petitioner]'s arrest. Officer Whelan then searched [petitioner] and found thirteen corner baggies of crack cocaine rocks and $225 in his pockets.
>
> Officer Whelan obtained an arrest warrant from the magistrate charging [petitioner] with possession of a controlled substance with intent to sell or

> distribute on December 17, 2012, in violation of Code § 18.2-248. The grand jury issued a true bill with the same charge against [petitioner]. The warrant against [petitioner] for conspiracy to distribute cocaine issued on December 7, was ultimately nolle prosequied.

Rec. No. 1455-13-4, March 13, 2014 Order at 1-3.

Petitioner executed the instant federal habeas petition on May 22, 2015, and it was filed by this Court on June 10, 2015. In his petition, he raises the following allegations:

> (1) Petitioner alleges that his Fourth Amendment rights were violated. Specifically, he alleges that the arresting officer's actions, relying upon the arrest warrant obtained by Detective East, were reckless to the point of bad faith because Detective East knew or should have known that the warrant was not supported by probable cause.
>
> (2) Petitioner alleges that the evidence was insufficient to prove beyond a reasonable doubt that petitioner was guilty of possession with intent to distribute cocaine because there was a reasonable chance of innocence to negate each factor bearing upon the intent to distribute conviction.

See Dkt. No. 1.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas corpus petition, a federal court may not grant the petition on that particular claim unless the state court's adjudications were contrary to, or an unreasonable application of, clearly established federal law, or were based on an unreasonable determination of the facts presented at the trial. 28 U.S.C. § 2254(d)(1)-(2). This test erects a "formidable barrier to federal habeas relief" for claims adjudicated on the merits. Burt v. Titlow, 134 S. Ct. 10, 16 (2013). Under this standard, for a state prisoner to obtain habeas relief, he "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v.

3

Taylor, 529 U.S. 362, 412-13 (2000). A state court determination violates the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. When reviewing the state court's findings, the federal court is limited to the record before the state court at the time of the decision. See Cullen v. Pinholster, 563 U.S. 170 (2011).

Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Importantly, this standard of reasonableness is an objective one, and does not allow a federal court to review simply for plain error. Id. at 409-10; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). In addition, a federal court should review the state court determination with deference; the court cannot grant the writ simply because it concludes that the state court incorrectly determined the legal standard. See Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) (internal citations omitted). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### III. Analysis

Petitioner alleges that his Fourth Amendment rights were violated because the warrant for his arrest was not supported by probable cause, and he alleges that the evidence presented during trial was insufficient to convict him of possession with intent to distribute cocaine. Respondent acknowledges that neither claim is procedurally barred, and that petitioner has exhausted both claims because he presented them to the Supreme Court of Virginia.

4

Claim (1)

Petitioner seeks to re-litigate the denial of his suppression motion by the trial court, which was sustained on appeal by the Supreme Court of Virginia. This Court is barred from considering petitioner's Fourth Amendment claim by Stone v. Powell, 428 U.S. 465 (1976). Under Stone, a petitioner may not raise a Fourth Amendment claim in a federal petition for a writ of habeas corpus unless he can show that he was denied the opportunity to fully and fairly litigate this claim in in state court. Id. at 494. Pursuant to Stone, unless the federal habeas court determines that the state did not provide the petitioner an opportunity for full and fair litigation of a particular Fourth Amendment claim, a federal court may not reexamine a state court's determination that no Fourth Amendment violation occurred. Hughes v. Dretke, 412 F.3d 582, 596 (5th Cir. 2005), cert. denied, 546 U.S. 1177 (2006). Thus, as the Fourth Circuit has observed, "Stone . . . marked, for more practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitioners where the petitioner had an opportunity to litigate those claims in the state court." Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982).

Petitioner litigated his Fourth Amendment claims in a suppression hearing before the Circuit Court for the City of Alexandria. Petitioner appealed the Circuit Court's decision, and the Virginia Court of Appeals found that "[t]he magistrate could fairly conclude that Detective East's sworn statements supported a substantial chance that [petitioner] (1) knew of Payne's intended illegal use, and (2) intended to further, promote, and cooperate in Payne's enterprise of selling cocaine. Therefore, the December 7 warrant was supported by probable cause." Rec. No. 1455-13-4, March 13, 2014 Order at 4 (internal citations omitted). As petitioner has not alleged that the suppression hearing itself violated his constitutional rights, petitioner's Fourth Amendment claim must be dismissed.

Claim (2)

Petitioner claims the evidence was insufficient to prove intent to distribute because there was only evidence of his personal use of the cocaine. Jackson v. Virginia, 443 U.S. 307 (1979) provides the standard by which a federal court must review a habeas petition alleging insufficiency of the evidence. A federal court must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis in original) (internal citations omitted). Challenges based on the sufficiency of the evidence thus face "two layers of judicial deference." Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (per curiam). In a bench trial, such as petitioner's, the judge has the sole responsibility for determining what conclusions to draw from the evidence presented at trial. Thus, an appellate court reviewing a challenge to the sufficiency of the evidence on direct appeal may overturn the trial court's verdict only if no rational trier of fact could have agreed with the outcome. Cavazos v. Smith, 132 S. Ct. 2, 3 (2011) (per curiam). A federal habeas court may only overturn this state court decision if the decision was "objectively unreasonable;" it may not overturn the decision simply because it disagrees with the outcome. Id. (quoting Renico v. Lett, 559 U.S. 766, 773 (2010)).

Petitioner essentially argues that, because the evidence was insufficient to prove beyond a reasonable doubt that he intended to distribute cocaine, he should not have been convicted of the charge against him. After reviewing the trial transcript and considering all facts in the light most favorable to the Commonwealth, however, the Virginia Court of Appeals found:

> When Officer Whelan searched the [petitioner] he found thirteen corner baggies containing an off-white substance in [petitioner]'s pants pocket. [Petitioner] admitted these were "20 rocks" of crack cocaine, meaning each rock or baggie cost $20. [Petitioner] did not have any drug paraphernalia on his person, and he appeared to be sober. [Petitioner] had $225 in cash in two separate folds in his pocket. In one fold there were nine $20 bills and one $10 bill; in the other fold there was one $10 bill and three $5 bills. Detective Benjamin George was qualified as an expert in the sale, manufacture, and use of cocaine-base. Detective

> George testified that in his twenty years of experience, he has never seen someone buy five or six individually wrapped crack cocaine rocks. He said a personal user typically purchases one or two rocks, and the presence of thirteen individually wrapped rocks of crack cocaine in inconsistent with personal use. Therefore, there is sufficient evidence from which a reasonable factfinder could have found that [petitioner] possessed the individually wrapped cocaine rocks with the intent to distribute them.

Rec. No. 1455-13-4, March 13, 2014 Order at 6.

Nothing in this analysis is objectively unreasonable, nor is it contrary to, or an unreasonable application of Jackson. This Court must defer to the state appellate court's determination that the evidence proved the offense occurred and that petitioner was the perpetrator. Claim 2 amounts to no more than an invitation for this Court to re-weigh the evidence in a manner more favorable to him, which is plainly prohibited. Because of the state court's rejection of petitioner's contention that the evidence was insufficient to support the charge against him was factually reasonable and conformed with applicable federal principles, that result may not be disturbed here, and Claim 2 must be dismissed. Williams, 529 U.S. at 412-13.

## VI. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this 24th day of March 2016.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge